**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| In Re:<br><br>Kenneth DeRosa<br>Paula DeRosa<br><br>　　　　　Debtors, | : Chapter 13<br>:<br>: Case No. 17-16193-AMC<br>:<br>: |
| U.S. Bank Trust National Association,<br>as Trustee of the Lodge Series III Trust<br><br>　　　　　Movant,<br>v.<br><br>Kenneth DeRosa<br>Paula DeRosa<br>　　　　　Debtors,<br>and<br><br>William C. Miller, Esquire<br>　　　　　Trustee,<br><br>　　　　　Respondents. | :<br>:<br>:<br>:<br>:<br>: Hearing: April 28, 2020 at 11:00 a.m.<br>: Courtroom # 4<br>:<br>:<br>:<br>: 11 U.S.C. §362(d)<br>:<br>: |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE
LODGE SERIES III TRUST FOR RELIEF FROM THE AUTOMATIC STAY
AS TO CERTAIN REALTY KNOWN AS
525 NORTH SWARTHMORE AVENUE, SWARTHMORE, PENNSYLVANIA, 19081**

1. I, __Raymond Valaderrama__, am a __Assistant Vice President__ for BSI Financial Services as servicer for U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust (hereinafter "Movant") have full knowledge of the above-captioned matter and I am fully qualified and authorized to make the following Certification in support of the within relief application on behalf of the Movant. This certification is based on the loan payment records of BSI Financial Services. These

records are regularly maintained in the regular course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments are noted in the records at the time of receipt by persons who regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2. Movant is U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust (hereinafter "Movant"), and is the proper party in interest.

3. On December 2, 2002, the Debtors, Kenneth R. DeRosa and Paula DeRosa, executed a Mortgage in favor of Waypoint Bank, with respect to certain real property owned by the Debtors located at 525 North Swarthmore Avenue, Swarthmore, PA, 19081 (the "Property") and recorded in the Office of the Recorder of Deeds of Delaware County on December 12, 2002, at Mortgage Book 02614, Page 0088 (the "Mortgage") in which Debtors are the title holder.

4. 525 North Swarthmore Avenue, Swarthmore, PA, 19081 is the Subject Property at issue.

5. Said mortgage was assigned to the Movant on May 24, 2019, and said assignment of mortgage was recorded with the Recorder of Deeds in Delaware County, PA on June 21, 2019, at instrument #2019033055, and is a matter of public record. (Please see Exhibit A.)

6. Debtors Chapter 13 petition was filed on September 12, 2017.

7. The Debtors' confirmed Amended Chapter 13 Plan provides for the Debtors to cure arrears of $116,749.36 through the plan and to make post-petition payments directly to Movant.

8. The pre-petition arrears as listed in Movant's claim 2-1 are $116,749.36. The Debtors' Amended Chapter 13 plan provides for this exact amount to be paid.

9. Since the date of filing, the Debtors should be paying all post-petition payments directly to Movant.

10. The debtors have defaulted with their post-petition payment obligations to Movant.

11. As of March 9, 2020, the post-petition arrears are $11,274.58.

12. As of March 9, 2020, the debtors are in default for the regular monthly payments as follows:

- $3,883.94  Due January 1, 2020
- $3,883.94  Due February 1, 2020
- $3,883.94  Due March 1, 2020
  (Suspense balance of $377.24)

13. The Debtors' last payment to Movant was $3,883.94 paid on December 26, 2019.

14. As of March 4, 2020, the payoff was $432,103.02.

15. The Debtors valued the Subject Property at $653,902.00. There is also a junior lien holder with a Claim amount of $159,467.02.

16. The Debtors have no equity in the Subject Property.

17. The Debtors are not performing per the confirmed plan.

18. Pursuant to the foregoing, Movant contends that cause exists to grant it relief from the Automatic Stay. Accordingly, Movant is entitled to relief from the automatic stay under 11 *U.S.C.* §362(d)(1).

19. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

20. In the event this Court should grant the relief requested, Movant should be relieved of the filing and notice requirements of FRBP 3002.1(b & c) as the mortgage claim would then be under the control of the Mortgagor.

21. In addition, reasonable attorney fees and court filing costs will be incurred by Movant

for representation in this matter.

22. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned Chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay, along with all other relief the Court deems just and equitable under the circumstances.

I CERTIFY under penalty of perjury that the foregoing is true and correct.

Executed on 03/30/2020

Respectfully submitted,

BY: _____