UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| **In Re:** | : **Chapter 13** |
| **Kenneth DeRosa** | : |
| **Paula DeRosa** | : **Case No. 17-16193-AMC** |
| **Debtors,** | : |
| U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust | : |
| Movant, | : |
| v. | : Hearing: April 28, 2020 |
| | : Courtroom # 4 |
| Kenneth DeRosa | : |
| Paula DeRosa | : |
| Debtors, and | : |
| William C. Miller, Esquire | : 11 U.S.C. §362(d) |
| Trustee, | : |
| Respondents. | : |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

THIS matter being opened to the Court by Brian E. Caine, Esquire, of the law office of Parker McCay P.A., attorney for the secured creditor, U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust, (hereinafter "Movant"), upon a Motion for Relief from the Automatic Stay as to Real Property, more commonly known as 525 North Swarthmore Avenue, Swarthmore, PA, 19081; and Brad J. Sadek, Esquire appearing on behalf of Debtors, Kenneth DeRosa and Paula DeRosa, and it appearing that the parties have amicably resolved their differences and for good cause shown;

1. As of April 23, 2020, the post-petition arrears are $15,158.52 – which represents payments of $3,883.94 each, due January 1, 2020 through April 1, 2020 with a suspense balance of $377.24.

2. The Debtors agree to reimburse the Movant for its attorney fees ($850.00) and costs ($181.00) for prosecution of the within Motion.

3. The Debtors shall cure the post-petition arrears (15,158.52), plus the motion fees and costs ($850.00 plus $181.00) by filing an amended chapter 13 plan which provides for a cure of said funds to Movant in the amount of $16,189.52 through the plan.

4. The Debtors shall file said amended plan as per paragraph 3 above by May 8, 2020, and if the Debtors fail to timely file said amended plan or confirmation of said amended plan is denied, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property herein.

5. The Debtors will resume regular monthly payments to Movant starting with the May 1, 2020 payment, and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

6. The Debtors will stay current with plan payments to the Trustee.

7. If the Debtors fails to stay current with direct mortgage payments to the Movant (as they become due), or fail to stay current with plan payments (30 day default on plan payments), then counsel for the Movant may send Debtors and Debtors' attorney a notice of default, and the Debtors shall have 14 days to cure said default. If the default is not cured timely cured, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property herein.

(*remainder of page intentionally left blank*)

*The undersigned hereby consent to the form and entry of the within Stipulation.*

| | |
|---|---|
| /s/Brian E. Caine | /s/Brad J. Sadek |
| Brian E. Caine, Esquire | Brad J. Sadek, Esquire |
| Parker McCay P.A. | Sadek and Cooper |
| 9000 Midlantic Drive, Suite 300 | 1315 Walnut Street, Suite 502 |
| Mount Laurel, NJ 08054 | Philadelphia, PA 19107 |
| (856) 985-4059 | (215) 545-0008 |
| bcaine@parkermccay.com | brad@sadeklaw.com |

/s/Jack Miller  \*\*\*
Concurrence by the Chapter 13 Trustee

It is hereby **ORDERED**, that the foregoing Stipulation is approved, shall be, and is made and Order of this Court.

Date: _____                          _____
                                           ASHELY M. CHAN
                                           U.S. BANKRUPTCY JUDGE

\*\*\* The standing trustee has received a stipulation in case number no. 17-16193. Since we are without the current ability to return a signed stipulation copy, indicating that we have no objection to its terms, without prejudice to any of our rights and remedies, you are authorized to affix my electronic signature